Shao v. Holder

BIA
A077 122 571

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand fourteen.

PRESENT:
   ROSEMARY S. POOLER,
   RAYMOND J. LOHIER, JR.,
   SUSAN L. CARNEY,
    *Circuit Judges.*
_____

DONG MEI SHAO,
   *Petitioner,*

   v.           13-2252
               NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
   *Respondent.*
_____

FOR PETITIONER:   Jay Ho Lee Law Offices, New York, N.Y.

FOR RESPONDENT:   Stuart F. Delery, Assistant Attorney General; Russell J.E. Verby, Senior Litigation Counsel; John D. Williams, Trial Attorney, Office of Immigration

**Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Dong Mei Shao, a native and citizen of the People's Republic of China, seeks review of a May 10, 2013, decision of the BIA denying her motion to reopen. *In re Dong Mei Shao*, No. A077 122 571 (B.I.A. May 10, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The BIA's denial of Shao's motion to reopen was not an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005). An alien may file one motion to reopen no later than 90 days after the date on which the final administrative decision has been rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Shao's 2013 motion was untimely and number-barred, as it was her third motion to reopen, and the final administrative decision was issued in 2003. However, the time and number limitations do not apply to a motion to reopen if it is "based on changed

circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii).

As the BIA noted, Shao's 2012 conversion to Catholicism reflects a self-induced change in personal circumstances, rather than a change in country conditions, and therefore does not exempt her motion from the applicable bars. *See Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006). Shao did not submit any evidence regarding country conditions in China or the treatment of Catholics there. She did submit two letters, one from someone claiming to be her sister, and one from a friend in China, in which the friend stated that he was detained and tortured because he was Catholic. However, neither letter establishes that the treatment of Catholics is now worse than it was in 2001, at the time of Shao's hearing. *See Norani v. Gonzales*, 451 F.3d 292, 294 & n.3 (2d Cir. 2006). Accordingly, substantial evidence supports the BIA's conclusion that Shao did not establish changed country conditions which would excuse the time limit

3

for filing her motion to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir. 2008).

Because Shao's failure to show an exception to the time and number bars is dispositive of her motion to reopen, we do not address the BIA's additional finding that she did not establish her prima facie eligibility for relief.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4